```
MARLENE G. WEINSTEIN, ESQ. (Bar No. 079429)
LAW OFFICE OF MARLENE G. WEINSTEIN
1111 Civic Drive, Suite 380
Walnut Creek, California  94596
Telephone:  (925) 942-5100
Facsimile: (925) 933-3801

Attorney for Plaintiff
HARPAL KAUR GILL
```

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**HARPAL KAUR GILL,**<br><br>                    **Debtor.** | **Case No. 08-42624 RJN-13**<br>**Chapter 13** |
| **HARPAL KAUR GILL,**<br><br>                    **Plaintiff,**<br><br>**vs.**<br><br>**HSBC MORTGAGE SERVICES, INC.**<br>**and LIME FINANCIAL SERVICES,**<br>**LTD.,**<br><br>                    **Defendants.** | **ADVERSARY PROCEEDING**<br>**NO. 08-4294**<br><br>**APPLICATION FOR**<br><u>**DEFAULT JUDGMENT**</u> |

**TO THE HONORABLE RANDALL J. NEWSOME, CHIEF BANKRUPTCY JUDGE:**

The within application of plaintiff and debtor, Harpal Kaur Gill ("Plaintiff" and/or "Debtor"), for entry of a default judgment against defendants, HSBC Mortgage Services, Inc. ("HSBC") and Lime

Application For
For Default Judgment

Financial Services, Ltd. ("LIME FINANCIAL") [hereinafter referred to collectively as "Defendants"], respectfully represents as follows:

**RELIEF REQUESTED**

This action involves an action by Plaintiff, for purposes of the within Chapter 13 case, to determine the nature, extent and validity of a lien evidenced by a deed of trust recorded April 18, 2006, in the Contra Costa County Recorder's Office as Document Number 2006-0120355-00 ("the LIEN" and/or "the HSBC Deed of Trust"), to disallow a claim filed by HSBC as secured, and to void the HSBC Deed of Trust recorded against the real property located at 5028 Garvin Avenue, Richmond, California 94825 ("the Property"), the legal description of which is as follows:

> Lot 2, Block 19, Map of East Richmond Blvd., Filed April 6, 2908, Map Book 1, Page 19, Contra Costa County Records. Parcel ID Number: 523-042-004-3.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 16, 2008, the Complaint To Determine The Nature, Extent and Validity of Lien and To Disallow Secured Claim together with the Summons and Notice of Pretrial Conference in an Adversary Proceeding, the "Notice" from the court, the Bankruptcy Dispute Resolution Program Information Sheet, the Order Re Initial Disclosures and Discovery Conference and the Adversary Proceeding Cover Sheet (collectively, "the Package of Documents") were served on HSBC and LIME FINANCIAL") through its agents for service of

process. The original Summons and Certificate of Service was filed with the court on October 19, 2008, as document number 4 ("the Original Summons"). See Declaration of Marlene G. Weinstein, ¶4 [hereinafter **"MGW Dec.¶4"**]

The addresses set forth on the Original Summons for the HSBC and Lime Financial agents for service of process from the online records of the California Secretary of State on September 3, 2008. **[MGW Dec.¶5]**

On December 17, 2008, the court issued an order for the clerk to enter a default against HSBC only, and the clerk entered a default against HSBC only on December 18, 2008. **[MGW Dec.¶6]**

Due to the fact that the address for LIME FINANCIAL'S agent for service of process had changed between September 3, 2008 and December 17, 2008, an alias summons was issued with respect to Lime Financial, and on December 22, 2008, the Package of Documents were served on LIME FINANCIAL through its agents for service of process at the address obtained from the online records of the California Secretary of State on December 18, 2008. The Alias Summons and Certificate of Service was filed with the court on December 22, 2008, as document number 9 ("the Alias Summons"). **[MGW Dec.¶7]**

On February 18, 2009, the court issued an order for the clerk to enter a default against LIME FINANCIAL, and the clerk entered a default against LIME FINANCIAL on that date. **[MGW Dec.¶8]**

Application For
For Default Judgment                              3

No pleadings or other documents have been received in response to the Package of Documents from either HSBC or LIME FINANCIAL. **[MGW Dec.¶9]**

In the Proof of Claim and documents filed in support thereof in the Bankruptcy Case by HSBC on or about June 3, 2008, as Claim Number 1 on the court claim docket ("the HSBC Claim"), HSBC asserted a claim against Plaintiff in the sum of $102,454.59, and further asserted that said claim is secured by a lien against the Property which is Plaintiff's residence. Attached as an exhibit to the HSBC Claim is a copy of a deed of trust in the amount of $102,000.00 in favor of Lender, LIME FINANCIAL, which deed of trust was recorded in or about April 18, 2006, in the Contra Costa County Recorder's Office as Document Number 2006-0120355-00 ("the LIEN" and/or "the HSBC Deed of Trust"). **[MGW Dec.¶10 and Request for Judicial Notice and Exhibit "C" thereto]**

The online records of the Contra Costa County Recorder's Office were viewed on July 11, 2010, and there is no assignment of the HSBC Deed of Trust recorded in the Contra Costa County Recorder's Office, Plaintiff is informed and believes that LIME FINANCIAL assigned its interest in the HSBC Deed of Trust through Mortgage Electronic Registering Service ("MERS"), that LIME FINANCIAL no longer has an interest in the HSBC Deed of Trust or the promissory note secured thereby, and that HSBC is the current holder and/or servicer of the subject promissory note and HSBC Deed of Trust. **[MGW Dec.¶11]**

In the Proof of Claim and documents filed in support thereof in the Bankruptcy Case by America's Servicing Company ("ASC") on or about June 25, 2008, as Claim Number 2 on the court claim docket ("the ASC Claim"), ASC asserted a claim against Plaintiff in the sum of $421,516.53, and further asserted that said claim is secured by a lien against the Property. Attached as an exhibit to the ASC Claim is a copy of a deed of trust in the amount of $408,000.00 in favor of Lender, LIME FINANCIAL, which deed of trust was recorded in or about April 18, 2006, in the Contra Costa County Recorder's Office as Document Number 2006-0120354-00 ("the ASC Deed of Trust"). **[MGW Dec.¶12 and Request for Judicial Notice and Exhibit "D" thereto]**

In the online records of the Contra Costa County Recorder's Office reviewed on July 11, 2010, there is no assignment of the ASC Deed of Trust recorded in the Contra Costa County Recorder's Office, although Plaintiff is informed and believes that LIME FINANCIAL assigned its interest in the ASC Deed of Trust through Mortgage Electronic Registering Service ("MERS"), that it no longer has an interest in the ASC Deed of Trust or the promissory note secured thereby, and that ASC is the current holder and/or servicer of the subject promissory note and ASC Deed of Trust. **[MGW Dec.¶13]**

On July 11, 2010, the online records of the Contra Costa County Recorder's office and the Westlaw database were checked, and the only deeds of trust recorded against the Property are the HSBC Deed of Trust and the ASC Deed of Trust. **[MGW Dec.¶14]**

The ASC Deed of Trust is senior in priority to the HSBC Deed of Trust. **[MGW Dec.¶15]**

The value of the Property as of the filing of the bankruptcy case was $325,000.00 as set forth on the verified Schedule A filed by Debtor under penalty of perjury on May 27, 2008, and pursuant to an appraisal which valued the Property by Sales Comparison Approach as $320,000 and by Cost Approach as $324,762. **[See Request for Judicial Notice and Exhibit "A" thereto, and MGW Dec.¶17 and Exhibit "A" thereto]**

On July 11, 2010, counsel checked the online records of the California Secretary of State and it was confirmed that neither the corporate address nor the address for the agent for service for HSBC had changed since service of the Original Summons. **[MGW Dec.¶18]**

Copies of the within Application For Default Judgment, the Declaration of Marlene G. Weinstein and the Request For Judicial Notice and the proposed Default Judgment are being served on HSBC at both its corporate office and through its agent for service of process. **[MGW Dec.¶19 and Exhibit "B" thereto]**

On July 11, 2010, counsel checked the online records of the California Secretary of State and confirmed that LIME FINANCIAL "Surrendered" its California certificate. Counsel immediately thereafter checked the online records of the Oregon Secretary of State and confirmed that the corporate address for LIME FINANCIAL

had not changed since service of the Alias Summons and that its agent for service of process in Oregon is Corporation Service Company ("CSC"), 285 Liberty Street, Salem, Oregon 97301. **[MGW Dec.¶20 and Exhibit "C" thereto]**

Copies of the within Application For Default Judgment, the Declaration of Marlene G. Weinstein, the Request For Judicial Notice and the proposed Judgment are being served on LIME FINANCIAL through CSC, its Oregon agent for service of process, at its corporate offices, and at the address for Debra Bowen, the California Secretary of State pursuant to California Corporations Code Section 2114. **[MGW Dec.¶21]**

## LEGAL ARGUMENT

11 U.S.C. §1322(b)(2) provides, in relevant part, that a Chapter 13 plan may "modify the rights of ... holders of unsecured claims ... "

11 U.S.C. §506(a) provides, in relevant part, as follows:

> "(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, ..., is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ..., and is an unsecured claim to th extent that the value of such creditor's interest ... is less than the amount of such allowed claim. ..."

11 U.S.C. §506(d) provides, in relevant part, as follows:

Case: 08-04294   Doc# 14   Filed: 07/12/10   Entered: 07/12/10 07:54:15   Page 7 of 10

"(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, ...."

Since the value of the Property is less than the value of the ASC Deed of Trust which is senior to the HSBC Deed of Trust, HSBC does not have an allowed secured claim and its claim is wholly unsecured, Lime Financial does not have a secured claim and any claim it may have, if any is wholly unsecured, and the HSBC Deed of Trust can be avoided and cancelled.

Notwithstanding the foregoing, as provided in 11 U.S.C. §349(b)(1)(C), "Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title, reinstates any lien voided under section 506(d) ... "

**WHEREFORE**, it is respectfully requested that this Court enter a default judgment in favor of plaintiff and debtor, Harpal Kaur Gill, and against defendants, HSBC Mortgage Services, Inc. and Lime Financial Services, Ltd. as follows:

1. For an order declaring that the Proof of Claim filed by HSBC Mortgage Services in the within-captioned bankruptcy case asserting a claim against Plaintiff in the sum of $102,454.59 shall be disallowed as a secured claim, and allowed solely as an unsecured claim in the amount of $102,454.59;

2. For an order declaring that HSBC Mortgage Services, Inc. does not have a secured claim;

Application For
For Default Judgment                               8

3. For an order declaring that Lime Financial Services, Ltd. does not have a secured claim;

3. For an order declaring that for purposes of Debtor's Chapter 13 plan only, the lien evidenced by the deed of trust recorded on April 18, 2006, in the Official Records of Contra Costa County, as Document Number 2006-0120355-00 ("the LIEN"), is valued as zero;

4. For an order declaring that the LIEN may not be enforced pursuant to 11 U.S.C. §§ 506, 1322(b)(2) and 1327;

5. For an order declaring that upon entry of a discharge in Debtor's Chapter 13 case, the LIEN shall be voided for all purposes;

6. For an order declaring that upon Plaintiff's completion of her Chapter 13 plan, receipt of her Chapter 13 discharge, and upon the recording of a certified copy of the Order Discharging Debtor entered in the above-captioned bankruptcy case, the LIEN shall be cancelled and shall be deemed to be null and void;

7. For a order declaring that in the event Plaintiff's Chapter 13 case is dismissed or converted to one under another chapter before Debtor obtains a discharge, the judgment to be entered pursuant to the withing application shall cease to be effective and the LIEN shall be retained to the extent recognized by applicable nonbankruptcy law, and upon application by the

Defendants, the court will enter an appropriate form of order restoring the LIEN;

8. For an order declaring that except as provided by a separate, subsequent judgment or order of this court, the LIEN may not be enforced so long as the judgment entered pursuant to the within application remains in effect;

9. For an order reserving the court's jurisdiction to enforce the terms of the judgment to be entered pursuant to the within application.

Dated: July  12 , 2010          LAW OFFICE OF MARLENE G. WEINSTEIN


                                By: /s/ Marlene Gay Weinstein
                                    Marlene G. Weinstein
                                    Attorney for Plaintiff
                                    Harpal Kaur Gill